UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ONTARIO SAMUELS | CIVIL ACTION NO. 14-1813 |
| VERSUS | JUDGE FOOTE |
| ROY BRUN, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Ontario Samuels ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on June 23, 2014. Plaintiff is currently incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains his civil rights were violated during his criminal trial proceedings. Plaintiff names Judge Roy Brun, Judge Ramona Emanuel, Assistant District Attorney Jackson, attorney Carolyn Sartin, and attorney Danielle Brown as defendants.

Plaintiff claims that on January 13, 2014, Judge Ramona Emanuel, Assistant District Attorney Jackson, and attorney Carolyn Sartin falsified government documents of his finger prints. Plaintiff claims Judge Roy Brun and Assistant District Attorney Jackson forced him to plead guilty on February 4, 2014. He claims they mentally intimidated him and threatened

him with a life sentence. Plaintiff claims Defendants knew that he was not the individual in question.

Accordingly, Plaintiff seeks his immediate release from incarceration, clarification of his social security number and fingerprints, and punitive damages.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims he was wrongly convicted and sentenced because of the actions of Defendants. Plaintiff is seeking monetary damages and injunctive relief for an allegedly unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).

Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and injunctive relief for civil rights violations under Section 1983; therefore, he must prove his conviction or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction or sentence have been invalidated.

**Judge Roy Brun and Judge Ramona Emanuel**

Plaintiff claims Judge Emanuel falsified documents of his fingerprints. He claims Judge Brun forced him to plead guilty.

Plaintiff cannot allege claims against Judge Brun and Judge Emanuel. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judges' authority as judicial officers of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claim for monetary damages against Judge Brun

and Judge Emanuel should be dismissed as frivolous.

**Assistant District Attorney Jackson**

Plaintiff names Assistant District Attorney Jackson as defendant. He claims Jackson falsified documents regarding his fingerprints and forced him to plead guitly. Prosecutors also have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the Assistant District Attorney as a quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties.

Accordingly, Plaintiff's civil rights claims for monetary damages against Assistant District Attorney Jackson should be dismissed as frivolous.

**Attorney Carolyn Sartin and Attorney Danielle Brown**

Plaintiff names attorney Carolyn Sartin and attorney Danielle Brown as defendants. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and

laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claim against Carolyn Sartin and Danielle Brown should be dismissed as frivolous.

**Habeas Claim**

Plaintiff alleges his conviction and sentence are illegal and seeks to have his conviction reversed and his immediate release from incarceration. Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially

in a habeas corpus proceeding.  This determination is made by focusing on "the scope of relief actually sought."  Alexander v. Ware, 417 F.2d 416, 419 (5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).  In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)).  Plaintiff is challenging his conviction and sentence and his claim clearly falls within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time.  Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States,"  28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified.  It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies.  See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest

of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982). From the information provided in Petitioner's complaint, it does not appear that he has exhausted his available state remedies. Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages and injunctive relief for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims for monetary damages against Judge Roy Brun, Judge Ramona Emanuel,

Assistant District Attorney Jackson, Carolyn Sartin, and Danielle Brown be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that Plaintiff's request for habeas relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing

Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

 **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 28th day of October 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge